**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DAVINDER SINGH,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 09-70161

Agency No. A099-482-949

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2011[**]

Before:     PREGERSON, THOMAS, and PAEZ, Circuit Judges.

Davinder Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Afriyie v. Holder*, 613 F.3d 924, 931 (9th Cir. 2010). We deny in part and grant in part the petition for review, and we remand.

Substantial evidence supports the agency's denial of CAT relief because Singh failed to establish it is more likely than not that he will be tortured if returned to India. *See Hasan v. Ashcroft*, 380 F.3d 1114, 1122-23 (9th Cir. 2004).

As to asylum and withholding of removal, Singh's declaration and testimony indicate Singh reported several incidents of harm to Indian police, and they took no action to protect him from further harm. Despite Singh's testimony that a government hospital allowed him to stay for a period of time following the final attack he experienced in India, substantial evidence does not support the agency's finding that Singh failed to demonstrate past persecution by a person or group that the Indian government was unable or unwilling to control. *See Afriyie*, 613 F.3d at 931-34; *see also Singh v. INS*, 94 F.3d 1353, 1360 (9th Cir. 1996). Accordingly, we remand for the agency to consider whether Singh has otherwise established past persecution, *see Afriyie*, 613 F.3d at 934, and in light of this, we also remand as to Singh's future fear, *see id.* at 934-35 (if past persecution is established or assumed, the government has the burden of showing that relocation is both safe and reasonable; further, the agency must consider the requisite regulatory factors

pertinent to the reasonableness of relocation). We therefore grant the petition and remand Singh's asylum and withholding of removal claims for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**